PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANTE D. GORDON,                    )
                                    )    CASE NO. 5:13cv251
              Petitioner,           )
                                    )
       v.                           )    JUDGE BENITA Y. PEARSON
                                    )
NEIL TURNER,                        )
                                    )    **MEMORANDUM OF OPINION AND**
              Respondent.           )    **ORDER** [Resolving ECF No. 32]


Pending before the Court is *pro se* Petitioner Dante' D. Gordon's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  United States Magistrate James R. Knepp II prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that the Court grant in part and deny in part Petitioner's motion to expand the record (ECF No. 17), deny Petitioner's motion for an evidentiary hearing (ECF No. 23), and dismiss the petition for writ of habeas corpus as time-barred.  ECF No. 30.  Petitioner filed timely Objections to the report and its recommendations.  ECF No. 32.  The Court has reviewed the above filings, the relevant portions of the record, and the governing law.  For the reasons provided below, the Court overrules Petitioner's Objections, adopts the report and recommendation, and dismisses the habeas petition as time-barred.

**I.  Factual and Procedural History**

On December 17, 1998, Petitioner pleaded guilty to one count of aggravated murder with a firearm specification for causing the death of Gregory Parnagian.  As a result, Petitioner was

(5:13cv251)

sentenced to a term of eighteen years to life in prison.  ECF No. 10-1 at 10–11.  Petitioner

contends that he wanted to withdraw his guilty plea an hour after pleading guilty.  ECF No. 32 at

3.  Rather than file a direct appeal within the 30-day window provided by Ohio App. R. 4,

however, Petitioner waited until June 4, 1999 to file a *pro se* motion to withdraw guilty plea.

ECF No. 10-1 at 51.  The state trial court denied Petitioner's motion on July 14, 1999.  *Id.* at 52.

Petitioner filed a *pro se* notice of appeal on August 18, 1999.  *Id.* at 53.  The Ohio Ninth District

Court of Appeals denied his appeal as untimely on September 27, 1999.  *Id.* at 56.

Petitioner filed a *pro se* notice of appeal, along with a motion for leave to file a delayed

appeal, on February 25, 2000.  ECF No. 10-1 at 12.  The court of appeals denied Petitioner's

motion for leave and dismissed the appeal as untimely on March 20, 2000.  *Id.* at 19.  Petitioner

moved the court of appeals to reconsider its decision.  *Id.* at 21.  That motion was denied as

untimely.  *Id.* at 45.  Petitioner filed a timely *pro se* notice of appeal to the Ohio Supreme Court

on May 2, 2000.  *Id.* at 46.  This appeal was dismissed on July 19, 2000 as not involving any

substantial constitutional question.  *Id.* at 50.

Petitioner waited almost a decade before filing any further pleadings with the state court.

Petitioner, acting *pro se*, moved for a new sentencing on March 17, 2010.  ECF No. 10-1 at 58.

The trial court denied Petitioner's motion on April 1, 2010.  *Id.* at 70.  Petitioner appealed the

trial court's decision.  The court of appeals affirmed the denial.  *Id.* at 121.  Petitioner's appeal to

the Ohio Supreme Court was dismissed as not raising a substantial constitutional question.  *Id.* at

153.

2

(5:13cv251)

Around the time that Petitioner's motion for a new sentencing was pending before the Ohio Supreme Court, Petitioner, still acting *pro se*, filed a bevy of new motions with the trial court.  Petitioner filed another motion to withdraw guilty plea (ECF No. 10-1 at 154), a motion to dismiss the indictment (*id.* at 223), and a motion for inspection of the grand jury transcripts (*id.* at 264).  The trial court denied all of the motions on April 8, 2011.  *Id.* at 273.  Petitioner appealed the trial court's decision.  The court of appeals affirmed.  *Id.* at 363.  The court of appeals also denied Petitioner's motion for reconsideration.  *Id.* at 409.  Petitioner appealed to the Ohio Supreme Court.  Petitioner's case was, again, dismissed as not raising a substantial constitutional question.  *Id.* at 402.

Petitioner filed a second *pro se* motion for leave to file a delayed appeal on April 6, 2012.  ECF No. 10-1 at 410.  The court of appeals denied the motion.  *Id.* at 419.  Once again, Petitioner filed a notice of appeal with the Ohio Supreme Court.  *Id.* at 420.  As it had before, the Ohio Supreme Court dismissed Petitioner's appeal as not raising a substantial constitutional question.  *Id.* at 436.

Petitioner filed a *pro se* petition for a writ of habeas corpus on February 5, 2013.  ECF No. 1.  Respondent moved to dismiss the petition as time-barred.  ECF No. 10.  Petitioner responded (ECF No. 16) and also filed a motion to expand the record by an additional 104 exhibits.  ECF No. 17.  Respondent opposed (ECF No. 20); Petitioner replied.  ECF No. 21.  Petitioner then moved for an evidentiary hearing.  ECF No. 23.  Respondent opposed this motion (ECF No. 28), which Petitioner moved to dismiss.  ECF No. 29.

3

(5:13cv251)

On July 1, 2014, the magistrate judge issued a report and recommendation that granted in part and denied in part Petitioner's motion to expand the record, denied Petitioner's motion for an evidentiary hearing, and dismissed the petition for writ of habeas corpus as time-barred. ECF No. 30. The magistrate judge recommended expanding the record by including Exhibits 2, 3, 7, 26, 40, 75 (only as to document 17-6, at 31), 77 (only as to document 17-5, at 34), 90, 94, and 104, finding only these exhibits to be relevant to the timeliness of the petition, equitable tolling, or actual innocence, and not yet been included in the record. Id. at 16–24. Next, the magistrate judge concluded that, upon consideration of "every piece of additional evidence Petitioner [sought] to submit," Petitioner had failed to present any evidence that showed that he had been prevented from filing a timely habeas petition. Id. at 26. Finally, the magistrate judge recommended finding that Petitioner had filed a petition for writ of habeas corpus well-beyond the 1-year statute of limitations imposed by 28 U.S.C. § 2244(d), and that Petitioner had failed to demonstrate either equitable tolling or actual innocence necessary to permit the Court to review the merits of the untimely petition. ECF No. 30 at 28–33. Petitioner's timely objections followed. ECF No. 32.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's report and recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Near verbatim regurgitation of the arguments made in earlier filings are not true objections.

4

(5:13cv251)

When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

### III.  Procedural Barriers to Habeas Review

"Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993) (observing that constitutional rights may be forfeited by the failure to make a timely assertion of the right).  In general, a state prisoner seeking habeas corpus relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

(5:13cv251)

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)).  The tolling provision does not reset the limitations period, however; "it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Under limited circumstances, AEDPA's statute of limitations may be subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 646 (2010)).  The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably

6

(5:13cv251)

arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The doctrine is one that is used sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). Equitable tolling is limited to those extraordinary circumstances when a habeas petitioner can establish that he is entitled to equitable tolling. In order to carry this burden, a petitioner must show that he has been pursuing his or her rights diligently, but some extraordinary circumstance has prevented timely filing. *Holland*, 560 U.S. at 646. The diligence required to satisfy petitioner's burden needs to be "reasonable," not "maximum feasible." *Id.* at 653.

      A so-called gateway claim of actual innocence permits a federal habeas court to excuse the expiration of the statute of limitations and consider the merits of the petition. "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). When confronted with an actual innocence claim, "a court cannot consider a petition's untimeliness as 'an absolute barrier to relief.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 612 (6th Cir. 2013) (quoting *McQuiggin*, 133 S. Ct. at 1928). Instead, the timing of the actual innocence claim is a factor in weighing the reliability of the proof of innocence. *McQuiggin*, 133 S. Ct. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").

      In order to overcome the expiration of the statute of limitations using a gateway claim of

7

(5:13cv251)

actual innocence, a habeas petitioner must first show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To make this determination, a court must examine "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). In order to advance a credible actual innocence claim, however, the petitioner must support his allegations with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Because a gateway actual innocence claim is a form of equitable tolling, it is a remedy that is granted sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). The Supreme Court has repeatedly counseled that actual innocence is an exception that is rarely granted, and only in the most extraordinary circumstances. *See Schlup*, 513 U.S. at 324 (reasoning that, because new reliable evidence will be unavailable "in the vast majority of cases, claims of actual innocence are rarely successful"); *see also McQuiggin*, 133 S. Ct. at 1928 ("We caution, however, that tenable actual-innocence gateway pleas are rare."); *House*, 547 U.S. at 538 ("The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." (quoting *Schlup*, 513 U.S. at 327)).

## IV. Analysis

### A. Motion to Expand the Record

Petitioner first objects to the recommendation's partial denial of Petitioner's motion to

8

(5:13cv251)

expand the record (ECF No. 17).  The magistrate judge recommended that Petitioner's motion

should be granted only as to ten of the 104 exhibits that Petitioner sought to include in the record.

ECF No. 30 at 24.  Petitioner believes that he has shown how each exhibit is "essential to the

litigation and manifestation of how Petitioner's constitutional rights were violated."  ECF No. 32

at 7.

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct

the parties to expand the record by submitting additional materials relating to the petition."

Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (2010).  "The decision of whether to

expand the record, however, is within the sound discretion of the district court."  *West v. Bell*,

550 F.3d 542, 551 (6th Cir. 2008).  Because "[i]t would be strange to ask federal courts to

analyze whether a state court's adjudication resulted in a decision that unreasonably applied

federal law to facts not before the state court," a federal habeas court may only review evidence

in the record at the time of the state court proceedings.  *Cullen v. Pinholster*, 131 S. Ct. 1388,

1399 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).  Expanding the record for limited

purposes falls within the discretion of the district court.  *Conway v. Houk*, No. 2:07-CV-947,

2011 WL 249491, at *2 (S.D. Ohio Jan. 26, 2011) (limiting inquiry, in resolving a motion to

expand the record, to "whether the materials that Petitioner seeks to add to the record would

assist the Court in determining whether an evidentiary hearing might be warranted");

*Keenan v. Bagley*, No. 1:01CV2139, 2008 WL 4372688, at * 2 (N.D. Ohio Sep. 22, 2008)

(granting motion to expand the record for limited purpose of determining whether the petitioner

had exercised diligence in developing the factual record in state court, but "reserv[ing] the right

9

(5:13cv251)

to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

In this case, Petitioner must first overcome the procedural hurdle of AEDPA's statute of limitations before the Court may review the merits of his claim.  Petitioner seeks to introduce a voluminous amount of evidence into the record that, according to Petitioner, supports his grounds for relief, but the Court cannot proceed to the merits of his petition if the statute of limitations bars consideration.  28 U.S.C. § 2244(d) (imposing a 1-year limitation period, running from the latest of four different triggering dates, in which to apply for a writ of habeas corpus).  As the magistrate judge correctly observed in the Report and Recommendation, "the pertinent issue is whether the Petition was timely filed, and if not, whether Petitioner is entitled to equitable tolling."  ECF No. 30 at 16.  Accordingly, the Court, in reviewing the magistrate judge's recommendation on Petitioner's motion to expand the record, shall evaluate whether the proposed exhibit is relevant to either the timeliness of the petition or whether Petitioner can demonstrate equitable tolling or actual innocence.

Petitioner objects to the magistrate judge's refusal to enter Exhibits 9 through 21 into the record.  ECF No. 17-2 at 29–50.  Petitioner argues that these letters demonstrate that his attorneys "abandoned him," which contributed to his delay.  ECF No. 32 at 8–9.  Petitioner further argues that the letters show that "he was always diligent in pursuing his rights."  Id. at 9.  Although unresponsiveness of counsel may have frustrated Petitioner, this fact does not excuse the untimeliness of his petition as a matter of law.  See Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 752 (6th Cir. 2011) (holding that an inability to access trial transcripts, a petitioner's

10

(5:13cv251)

*pro se* status, and limited access to a law library did not warrant equitable tolling). Moreover, the letters, rather than supporting Petitioner's argument, confirm his lack of diligence. Petitioner had exchanged correspondence with two different attorneys and the Akron Bar Association between December 27, 2004 and May 1, 2007. Even if these letters were admitted as evidence of diligence, Petitioner still cannot demonstrate that he was diligently pursuing his rights between May 2, 2000 (the date Petitioner sought review with the Ohio Supreme Court on his direct appeal) and December 27, 2004, or between May 1, 2007 and March 3, 2010 (when Petitioner moved for a new sentencing). The letters do not demonstrate that Petitioner "was always diligent in pursuing his rights." ECF No. 32 at 9.

Petitioner objects to the magistrate judge's refusal to enter Exhibit 67 into the record. ECF No. 17-6 at 2. Exhibit 67 purports to be a diagram of the murder, with notations of what Petitioner believes to be inconsistencies in the official reports. Petitioner states that the exhibit "show[s] that the Petitioner is actually innocent of the crime and could not have shot the victim." ECF No. 32 at 9. Petitioner's diagram, however, is not new reliable evidence that supports a claim of actual innocence. Petitioner's description of the murder is facially inconsistent with the autopsy report. Whereas Petitioner claims that the victim had been shot in the back of the head, *see* ECF No. 17-6 at 2 (letters A and F), the autopsy report repeatedly indicates that the victim had been shot in the front of the head. ECF No. 17-5 at 2 ("The entrance wound is at the right temple"); *see also id.* at 3 ("The path of the bullet is from right-to-left, front-to-back, and downward approximately 30-40 degrees."). The diagram's reliability, therefore, is questionable at best. And is one of several reasons for it not being added to the record.

11

(5:13cv251)

Petitioner objects to the magistrate judge's refusal to enter Exhibit 78 into the record.

ECF No. 17-6 at 36.  Exhibit 78 is the transcript from a December 16, 1998 state court hearing

that reveals that Petitioner had initially intended to proceed to trial one day before he eventually

pleaded guilty.  Petitioner argues that Exhibit 78 should be admitted into the record because it is

"crucial" to demonstrating that Petitioner did not enter a knowing, intelligent or voluntary plea.

ECF No. 32 at 10.  Petitioner also argues that it shows the various ways in which his attorney

rendered ineffective assistance of counsel.  *Id.*  Petitioner's objection is overruled.  The

December 16, 1998 transcript has no bearing on the timeliness of his petition or whether he can

demonstrate equitable tolling or actual innocence because the AEDPA statute of limitations did

not begun to run until he pleaded guilty the following day.  Moreover, that Petitioner pleaded

guilty the following day undercuts the probative value of this exhibit.  During his plea colloquy,

Petitioner stated on the record that he understood the charges to which he was pleading guilty,

the terms of the plea agreement, that he was satisfied with the representation of his counsel, and

the rights he waived by pleading guilty.  ECF No. 17-7 at 29–32.  That Petitioner had desired to

proceed to trial before changing his mind and pleading guilty does not bear on the timeliness of

his petition or any grounds for equitable tolling.

Petitioner "objects" to the magistrate judge's refusal to enter descriptions of Petitioner

and another "Dante Gordon" into the record.  ECF Nos. 17-6 at 32–33; 17-7 at 12–13. Petitioner

states that the evidence is "crucial . . . in demonstrating ineffective assistance of counsel, that

Petitioner['s] plea was not voluntarily, intelligently knowingly made, actual innocence, inter

alia."  ECF No. 32 at 11.  Petitioner does not offer any further argument, however.  Even liberally

(5:13cv251)

construed, this assertion—a single sentence—merely states disagreement with the magistrate judge's recommendation.  "An 'objection' that does nothing more than state a disagreement with a magistrate's recommendation, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006).  Accordingly, Petitioner fails to lodge a proper objection to the magistrate judge's recommendation to exclude the descriptions from the record.

The Court is endowed with wide discretion to determine whether to expand the record. *West*, 550 F.3d at 551; Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (2010).  Petitioner must demonstrate the timeliness of his petition or grounds for equitable tolling before the Court may review the petition's merits.  The magistrate judge properly admitted only those exhibits that were relevant to this initial inquiry.  The Court overrules Petitioner's objections relating to his motion to expand the record and adopts the recommendation of the magistrate judge.

### B. Procedural Default

Next, Petitioner raises an objection on procedural default grounds.  ECF No. 32 at 11–13. Petitioner argues that the failure of the trial court to inform him of his appellate rights caused him to file an untimely appeal, and that he was actually prejudiced by this error when his motion for delayed appeal was denied.

Petitioner misunderstands the nature of the procedural hurdle that he faces.  Respondent moved to dismiss the petition as time-barred by AEDPA's statute of limitations, not because Petitioner failed to comply with a state procedural rule that serves as an adequate and independent bar to review.  ECF No. 10 at 11 (arguing for dismissal of the petition as untimely

13

(5:13cv251)

under AEDPA). The magistrate judge recommended finding that Petitioner was time-barred from filing a petition for writ of habeas corpus, and that he had failed to demonstrate either equitable tolling or actual innocence. ECF No. 30 at 33. The magistrate judge's recommendation, unlike Petitioner's objection, does not rest on procedural default grounded in state procedural requirements. Simply put, Petitioner waited much too long to seek federal habeas relief. Because he has not been able to excuse the delay by demonstrating bases for equitable tolling or actual innocence, his petition is time barred. Petitioner's objection is overruled.

### C. Actual Innocence

Petitioner also objects to the magistrate judge's finding on his claim of actual innocence. ECF No. 32 at 14. According to Petitioner, he has provided more than enough evidence to rebut his guilty plea and prove that he is actually innocent. Petitioner contends that the autopsy report and police reports demonstrate that he did not match the description of the shooter, and that his alibi's affidavit demonstrates that he was not at the scene of the crime. *Id.* Petitioner's objection is overruled because he has not demonstrated that this case satisfies the exacting actual innocence standard. *Schlup*, 513 U.S. at 327 (holding that a successful claim of actual innocence requires showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt").

The police reports do not exculpate Petitioner. The interviewed witnesses provided descriptions of the suspect that matched Petitioner in race, age, height, weight, and hair style at the time of the offense. *E.g.*, ECF No. 17-4 at 3 (describing suspect as a "[black male], 20's,

14

(5:13cv251)

5'6''–5'8'', 160–170 [pounds], thin beard and mustache, and medium length afro").  Many of the

witnesses identified Petitioner by name.  *E.g.*, *id.* at 21–22 (reporting that a friend of Petitioner

witnessed the shooting and identified Petitioner by name).  A reasonable juror could have

believed this overwhelming eyewitness evidence.  *Schlup*, 513 U.S. at 327  (requiring a habeas

petitioner to show "that it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt" to prevail on an actual innocence claim).

      The alibi affidavit does not constitute new reliable evidence.  Petitioner's alibi, Thyron

Burton, attested to the following:

> 1. I do not remember being contacted by Attorney Donald Walker.
> 2. I was not contacted by Attorney Lawrence Whitney.
> 3. I was contacted by Jana Deloach about Dante's whereabouts on December 7, 1997.
> 4. Dante was at my house between the hours of 1 and 3 a.m. on the night of December 7, 1997.

ECF No. 17-2 at 56.  The affidavit raises numerous questions about its reliability.  Affiant swore

to the truth of affidavit's contents on February 3. but does not indicate what year.  The reference

to Whitney and Deloach suggest that, at the earliest, the affidavit was made in 2005, when both

attorneys' names appear in Petitioner's list of exhibits.  ECF No. 17-1 at 3.  The affidavit was,

therefore, made at least seven years after the murder occurred.  This passage of time weighs

against the affidavit's reliability.  *McQuiggin*, 133 S. Ct. at 1935.  Furthermore, none of

Petitioner's exhibits explain who Thyron Burton is, his relation to Petitioner, or how he recalls

the night of the murder.  *See* ECF No. 17-1 at 6 (describing Burton as "Alibi vouching for my

whereabout," without more detail).  A reasonable juror could have found Petitioner guilty even if

the alibi had been considered during a trial.  *Schlup*, 513 U.S. at 327.

15

(5:13cv251)

Petitioner does not present new and reliable exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical physical evidence necessary to demonstrate actual innocence. A reasonable juror would find Petitioner guilty beyond a reasonable doubt considering all evidence before the Court. The Court overrules Petitioner's objection and adopts the magistrate judge's recommendation that Petitioner has failed to demonstrate actual innocence.

### D. The Indictment

Petitioner argues that he was "served with an unsigned bogus indictment" that "was clearly not found in the manner as required by law." ECF No. 32 at 14–15. Petitioner contends that his constitutional rights were violated because the trial court had no authority to convict him on the basis of the faulty indictment. Petitioner also alleges that someone "fabricate[d] another indictment" after his conviction and placed it in his file to appear as if it were the original.

Petitioner's objection does not relate to any of the findings of the Report and Recommendation. Instead, Petitioner attempts to re-argue the merits of the seventh ground for relief asserted in his petition for writ of habeas corpus:

> GROUND SEVEN: Petitioner was denied due process & protection of the laws, where the trial court had no subject matter jurisdiction to convict the Petitioner on a bogus direct indictment inter alia. Counsel was ineffective for not arguing the validity of the bogus direct indictment. Thus Petitioner's 6th, 14th amendment right to the United states constitution was violated.

ECF No. 1 at 53–55. The Report and Recommendation did not address the merits of the petition, however, because it found that the petition was untimely and Petitioner had failed to demonstrate either equitable tolling or actual innocence. ECF No. 30 at 33.

Petitioner has failed to demonstrate equitable tolling or actual innocence that would allow

16

(5:13cv251)

the Court to consider the merits of his untimely petition for a writ of habeas corpus.  The Court

overrules Petitioner's objection.

### E.  Ineffective Assistance of Counsel

Finally, Petitioner argues that he was denied effective assistance of counsel.  ECF No. 32

at 15–16.  Petitioner states that his counsel was ineffective because he failed to inform Petitioner

of his appellate rights; did not address "the bogus indictment"; improperly investigated and lied

about the facts of the case; allowed Petitioner to enter a guilty plea that was not knowing,

intelligent, or voluntary; and failed to provide Petitioner with the victim's autopsy report, the

alibi's statement, and B.C.I. reports before he pleaded guilty.  Id.  Again, Petitioner attempts to

argue the merits of his habeas petition:

> GROUND NINE: Petitioner has been denied effective assistance of counsel as
> provided for by the sixth amendment of the United States constitution.

ECF No. 1 at 63.  As mentioned above, the Report and Recommendation did not reach the merits

of the petition because it found that Petitioner was time-barred from filing a habeas petition and

had failed to demonstrate either equitable tolling or actual innocence.  ECF No. 30 at 33.

Petitioner's ineffective assistance of counsel arguments suffer from the same defect as his

arguments concerning the indictment—the Court may not consider the merits of his petition

without a showing of equitable tolling or actual innocence.  The Court overrules Petitioner's

objection.

### V.  Conclusion

For the reasons stated above, the Court overrules Petitioner's Objections, adopts the

Report and Recommendation, and dismisses the habeas petition as time-barred.  Furthermore, the

17

(5:13cv251)

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


      IT IS SO ORDERED.


 June 30, 2015                              _/s/ Benita Y. Pearson_          
Date                                             Benita Y. Pearson
                                             United States District Judge

18